# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Brenitaze Moore,

              Petitioner,     Case No. 26-10075

v.                         Judith E. Levy
                             United States District Judge

Raphael Washington,

                             Mag. Judge Elizabeth A.
             Respondent.    Stafford

_____/

# OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS [1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Brenitaze Moore, presently incarcerated at the Wayne County Adult Detention Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Moore challenges his pending prosecution in the Wayne County Circuit Court for nine felony charges, including assault with intent to murder. His trial is currently scheduled for April 27, 2026. *See People v. Moore*, No. 24-003640-01-FC (Wayne Cnty. Cir. Ct.).

The petition raises claims concerning the state court's failure to recognize Petitioner's alleged diplomatic immunity and lack of subject matter and personal jurisdiction. (ECF No. 1 at PageID.1–8.) The Court dismisses the petition without prejudice because consideration of the petition would interfere with ongoing state criminal proceedings and because Moore has not exhausted his state-court remedies. The Court also declines to issue a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I.     Legal Standard

The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254, such as habeas petitions filed under § 2241 *See* Rule 1(b), Rules Governing Section 2254 Cases. Here, the Court exercises its discretion and applies the Rules Governing Section 2254 cases to this case.

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall

summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .").

## II.   Analysis

The petition will be summarily dismissed because it is not ripe for review.

28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Younger v. Harris*, 401 U.S. 37, 46 (1971).

Federal courts should not interfere with pending state criminal proceedings where (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (citing *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). The

Sixth Circuit has recognized three exceptions that permit a federal court to consider a pretrial habeas petition: the petitioner seeks a speedy trial and available state-court remedies have been exhausted; the petitioner seeks to avoid a second trial on double jeopardy grounds; and the petitioner faces prejudice from retrial based on ineffective assistance of counsel and due process violations. *See Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546–47; *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988)).

The three conditions for abstention are present here: criminal charges were pending against Petitioner when he filed his habeas petition, the prosecution of crimes implicates an important state interest in Michigan's enforcement of its criminal laws, and there is no indication that he is unable to raise his arguments in the state criminal proceeding; indeed, Petitioner states he filed a motion to dismiss raising the same claims. (ECF No. 1, PageID.6.) Moreover, Petitioner has not shown that any extraordinary circumstances exist to permit the Court's review of the petition as none of the claims fall within the Sixth Circuit's recognized exceptions.

Additionally, even assuming extraordinary circumstances existed, Petitioner would still be required to attempt to exhaust available state remedies prior to seeking federal habeas relief. *See Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012).

Accordingly, the habeas action is premature and must be dismissed.

## III.  Conclusion

Accordingly, for the reasons set forth above, the petition for a writ of habeas corpus is DISMISSED. (ECF No. 1.) Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Slack v.*

*McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling.

Accordingly, the Court DENIES a certificate of appealability. The Court also DENIES leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

IT IS SO ORDERED.

Dated: April 10, 2026                       s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager